# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GOODS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BAKERSFIELD POLICE DEPARTMENT, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Case No.: 1:17-cv-01009 - DAD - JLT <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS <br><br> ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

Charles Goods seeks to proceed *pro se* and *in forma pauperis* in this action against the Bakersfield Police Department for a violation of his civil rights. (Doc. 1, 3) Because Plaintiff fails to clearly identify the cause of action upon which he seeks to proceed, or to allege facts sufficient for the Court to find he states a cognizable claim, the complaint is **DISMISSED** with leave to amend.

### I.     Proceeding *in forma pauperis*

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court reviewed the financial status affidavit (Doc. 3), and finds the requirements of 28 U.S.C. § 1915(a) are satisfied. Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

### II.     Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and

shall dismiss the complaint if it is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should

assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV. Allegations

Plaintiff alleges that he "was sitting in front of the Hungry Hunters Restaurant ... enjoying his solitude and personal space" when a Bakersfield Police Officer approached him. (Doc. 1 at 3) Plaintiff asserts he was "coerced into identifying himself," after which the officer "falsely and repeatedly called the plaintiff a child molester and filthy jack ass." (*Id.*) Plaintiff contends the officer was "unreasonably antagonistic," and he believed the officer was "attempting to incite Plaintiff into a physical confrontation." (*Id.*)

He asserts the officer then "went inside the Hungry Hunters Restaurant trying to persuade the employees therein [into] pressing charges against Plaintiff for trespassing." (Doc. 1 at 3) According to Plaintiff, "The manager and others employed at the [establishment] declined the [charges] suggesting… Plaintiff is a valued customer and a friend who spends a lot of time at the store." (*Id.*) He asserts the officer "defamed Plaintiff's character with untrue libelous accusations and innuendo with malice falsely portraying Plaintiff as a sex fiend and child molester to his neighbors." (*Id.*)

Plaintiff alleges that the officer "hand cuffed Plaintiff and put him in the back seat of the patrol car," and he believed he was under arrest for a violation of California Penal Code § 647. (Doc. 1 at 4) He asserts the officer "called into the dispatch operator informing them he was arresting Plaintiff," the arrest was not approved. (*Id.*) Therefore, the officer "reluctantly released Plaintiff from the back seat of the car and took [off] the hand cuffs." (*Id.*) Plaintiff contends he was then "bullied into signing a ticket." (*Id.* at 5) He reports he signed "on the threat of physical violence…as the only thought[] going

3

through the Plaintiff's mind" was that the officer was "one of those killer policeman (sic) he's been seeing on the T.V. for the last 8 or 9 years." (*Id.*) According to Plaintiff, once he signed the document, the officer "got right back in the Plaintiff's face… [and] told Plaintiff he had better get his ass out of Kern County and that he better not see Plaintiff again as long as he lived." (*Id.*)

## V. Discussion and Analysis

Based upon the foregoing allegations, Plaintiff identifies three claims for relief: (1) excessive force, threat to safety, and a "stop and fris[k]" in violation of the Fourth Amendment; (2) "false arrest – filing a false report;" and (3) "extortion of signature." (Doc. 1 at 3-5) In addition, from the factual allegations presented, it appears Plaintiff may be seeking to state a claim for defamation. (*See id.* at 3)

### A. Section 1983 Claims

Although Plaintiff alleges Defendants violated the Fourth Amendment, the amendments to the Constitution do not create direct causes of action. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 929 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution"). However, 42 U.S.C. § 1983 ("Section 1983") "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

#### 1. Statute of limitations

As an initial matter, Plaintiff fails to allege when the events above occurred. Thus, it is unclear whether the statute of limitations to bring his claims may have run. Although Section 1983 does not contain its own statute of limitations federal courts "apply the forum state's statute of limitations for

personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (citation omitted). California's statute of limitations for personal injury claims is two years. See CAL. CIV. P. CODE § 335.1; *Canatella*, 486 F.3d at 1132; *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014). Thus, if the event occurred more than two years ago, Plaintiff is barred from bringing these claims.

### 2. Excessive force

The Supreme Court has determined claims for excessive force are addressed under the Fourth Amendment, which requires the use of "reasonable" force. *Graham v. Connor*, 490 U.S. 386, 388 (1989) ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure'... are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures").

Plaintiff has not identified any force used by the officer beyond placing handcuffs on Plaintiff. There are no allegations regarding the manner in which the officer applied the handcuffs and no indication they caused injury. Consequently, the plaintiff fails to state a cognizable claim for the excessive use of force. Cf., *Wall v. County of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004); *see also Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993) (denying qualified immunity and holding the "abusive application of handcuffs" causing pain and bruising was unconstitutional); *Luchtel v. Hagemann*, 623 F.3d 975, 989 (9th Cir. 2010) (noting that "the right to be free from excessive force in handcuffing is clearly established in our precedent").

### 3. Threat to safety

Officers have a duty to protect pre-trial detainees and inmates from physical abuse, and one of the "basic human needs" that prison officials must provide is personal safety. *Hoptowit v. Ray*, 682 F.2d 1237, 1247, 1250-51 (9th Cir. 1982); *see also Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 2006). To establish a violation of this duty, a plaintiff must demonstrate an officer were deliberately indifferent to a substantial risk of serious harm to his safety. *Farmer v. Brennan*, 511 U.S.

825, 841 (1994).

Plaintiff has not identified any facts that support a conclusion that the officer exhibited deliberate indifference to Plaintiff's personal safety. Therefore, Plaintiff fails to state a cognizable claim for a violation of the Fourth Amendment, to the extent it is based upon a threat to his safety.

### 4. Stop and frisk

Law enforcement officers may initiate an investigatory stop of a citizen if they have reasonable suspicion that a person is engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). The reasonable suspicion standard "'is a less demanding standard than probable cause,' and merely requires 'a minimal level of objective justification.'" *Gallegos v. City of Los Angeles*, 308 F.3d 987, 990 (9th Cir. 2002) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)). To constitute reasonable suspicion, the officer's belief that "criminal activity is afoot" must be supported by "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." *Id.* at 21, 30; *see also Navarette v. California*, 134 S. Ct. 1683, 1687 (2014) (an officer must have "a particularized and objective basis for suspecting the particular person stopped of criminal activity").

In this case, the facts alleged strongly suggest that the officer believed Plaintiff was trespassing on the restaurant's property, as Plaintiff asserts the officer inquired whether the manager of Hungry Hunter wanted to press charges. Further, the officer issued a "Notice to Appear" in court to Plaintiff, which also indicates a belief that Plaintiff was engaged in criminal activity. Thus, the facts alleged do not support a conclusion that the officer violated the Fourth Amendment through detaining Plaintiff while radioing dispatch regarding whether Plaintiff should be arrested or cited for his conduct.

### B. Extortion of a signature

Extortion of a signature is a crime under California Penal Code § 522. Extortion of a signature "is complete when a signature is obtained to an instrument which, if freely given, would have transferred property, without the necessity of proof that the defendant intended to use the instrument for that purpose." *People v. Massengale*, 10 Cal. App. 3d 689, 692 (1970), citing Cal. Pen. Code § 522.

Notably, it does not appear there is a private right of action for the extortion of a signature. Regardless, the facts alleged do not support this claim, as the Notice to Appear that Plaintiff signed did not transfer property or create a debt or charge. *See* Cal. Pen. Code § 522. Consequently, Plaintiff's

6

third claim for relief fails.

### C. "False Arrest- Filing False Report"

Although Plaintiff asserts the defendant is liable for "false arrest – filing false report," there are no facts regarding the officer filing a report regarding the incident. Moreover, the facts alleged fail to support a claim for false arrest, as it appears the officer only detained Plaintiff for purposes of an investigatory stop. Thus, the Court is unable to find Plaintiff states a cognizable claim for filing a false report or false arrest.[1]

### D. Defamation

Under California law, defamation "involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999); *see also Lee Myles Assocs. Corp. v. Paul Rubke Enters., Inc.*, 557 F. Supp.2d 1134, 1139 (S.D. Cal. 2008). "Publication means communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." *Id.* Whether a published statement "is reasonably susceptible to a defamatory interpretation is a question of law for the trial court." *Id.* at 647.

In this case, Plaintiff alleges the officer "falsely and repeatedly called the plaintiff a child molester and a filthy jack ass." (Doc. 1 at 3) However, from the facts alleged, it appears the officer directed these statements to Plaintiff, not to a third party.[2] Because Plaintiff is unable to satisfy the "publication" requirement, his claim for defamation fails.

## VI. Conclusion and Order

Given the lack of factual allegations, the Court is unable to find Plaintiff states a cognizable

---

[1] To the extent Plaintiff believes he was arrested, he shall state facts supporting the conclusion that the investigatory stop was transformed into an arrest in the First Amended Complaint.

[2] Moreover, the Court takes judicial notice that the plaintiff has been charged on two occasions for failing to register as a sex offender and convicted on this offense at least one time. (*See* case numbers: BF160449A, BF162393A) The Court's review of the on-line records of the Kern County Superior Court does not reveal whether Plaintiff's victim in the underlying sex crime(s) was a child. The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980).

claim. However, it is not clear whether the factual deficiencies may be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile).

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**;
2. Plaintiff's Complaint is **DISMISSED** with leave to amend; and
3. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

**If Plaintiff fails to comply with this order to file a First Amended Complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated: **September 2, 2017**       **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE